UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA C. TOFTEE,<br><br>            Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No. 1:24-cv-01139-BAM<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Docs. 11, 15) |

## **INTRODUCTION**

Plaintiff Melissa C. Toftee ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1]

Having considered the briefing and record in this matter, the Court finds that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence as a whole and is not based upon proper legal standards. Accordingly, Plaintiff's motion for summary judgment and appeal from the decision of the Commissioner of Social Security is granted, the

---

[1] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Docs. 7, 8, 9.)

1

Commissioner's request to affirm the agency's determination to deny benefits is denied, and judgment will be entered in favor of Plaintiff Melissa C. Toftee.

**FACTS AND PRIOR PROCEEDINGS**

Plaintiff filed an application for disability insurance benefits on March 15, 2022.  AR 192-93.[2]  Plaintiff alleged she became disabled on July 1, 2019, due to anxiety, depression, agoraphobia, post-traumatic stress disorder, adjustment disorder, panic disorder, and insomnia.  AR 205.  Plaintiff's application was denied initially and on reconsideration.  AR 109-13, 115-19, 201-05, 207-11.  Subsequently, Plaintiff requested a hearing before an ALJ, and following a hearing, ALJ Marc Yerkey issued an order denying benefits on November 17, 2023.  AR 14-28, 33-72.  Thereafter, Plaintiff sought review of the decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision.  AR 1-5.  This appeal followed.

**Relevant Hearing Testimony and Medical Record**

The relevant hearing testimony and medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

On November 17, 2023, using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act.  AR 14-28.  Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 1, 2019, the alleged onset date.  AR 19-20.  The ALJ identified the following severe impairments:  attention-deficit hyperactivity disorder (ADHD); anxiety disorder; depressive disorder; bipolar disorder; post-traumatic stress disorder; and insomnia.  AR 20.  The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments.  AR 20-21.  Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations:  she could understand, remember, and carry out simple instructions; she could have occasional

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

interaction with supervisors, coworkers, and the public; and she could deal with occasional changes in a routine work setting. AR 21-26. With this RFC, the ALJ determined Plaintiff could not perform any past relevant work. AR 26-27. However, the ALJ determined that there were other jobs existing in the national economy that Plaintiff could perform, such as marker, cleaner (housekeeping), and routing clerk. AR 27-28. The ALJ therefore concluded that Plaintiff had not been under a disability from July 1, 2019, through the date of the decision. AR 28.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but

3

cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## **DISCUSSION**[3]

Plaintiff contends that the ALJ erred by: (1) improperly discounting the medical opinion evidence from the consultative psychological examiners and Plaintiff's treating therapist and also placing undue reliance of the results of mental status examinations, (Doc. 11 at 9-17); (2) improperly discounting Plaintiff's testimony, (*id.* at 17-20); and (3) asking incomplete hypothetical questions resulting in unreliable vocational testimony, (*id.* at 21).

### A.   Evaluation of the Medical Opinion Evidence

Plaintiff contends that the ALJ erred by improperly discounting the medical opinion evidence from both consultative examiners, Dr. Sandra Cortez and Dr. Rama Nadella, and from Plaintiff's treating therapist, Caitlin Artiaga, LMFT. (Doc. 11 at 9-17.)

Because Plaintiff applied for benefits after March 27, 2017, her claim is governed by the agency's newer regulations concerning how an ALJ must evaluate medical opinions. 20 C.F.R. § 404.1520c. Under these regulations, the Commissioner does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). The Commissioner evaluates the persuasiveness of the medical opinions based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c)(3)(1)-(5). Supportability and consistency are the most important factors. 20 C.F.R. § 404.1520c(b)(2).

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

4

Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant ... objective medical evidence." 20 C.F.R. § 404.1520c(c)(1); *see also Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Consistency means the extent to which a medical opinion is "consistent ... with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 404.1520c(c)(2); *Woods*, 32 F.4th at 792.

Ninth Circuit case law preceding the new regulations afforded deference to the medical opinions of treating and examining physicians. Indeed, prior to the current regulations, the Ninth Circuit required ALJs to provide clear and convincing or specific and legitimate reasons for rejecting the medical opinions of treating or examining physicians. These standards of articulation no longer apply in light of the new regulations. As explained by the Ninth Circuit in *Woods*:

> The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant. *See* 20 C.F.R. § 404.1520c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) ..., including those from your medical sources."). Our requirement that ALJs provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such opinions, *see Murray*, 722 F.2d at 501–02, is likewise incompatible with the revised regulations. Insisting that ALJs provide a more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources—contrary to the revised regulations.

*Id.* at 792. The Ninth Circuit has clarified that "under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Id.* at 792. "The agency must 'articulate ... how persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and 'explain how [it] considered the supportability and consistency factors' in reaching these findings, *id.* § 404.1520c(b)(2)." *Id.*

Dr. Cortez

On September 13, 2022, Dr. Cortez, a clinical psychologist, completed a consultative mental evaluation. AR 407-11. During the examination, Dr. Cortez noted that Plaintiff was friendly, engaged, made appropriate eye contact, cooperated, and appeared to be putting forth best

5

effort. AR 407, 409. On examination, Plaintiff's speech was fluent, coherent, and relevant, her mood was responsive, and her affect reactive. Her thought processes were linear and goal-directed without looseness of associations, flight of ideas, racing thoughts, thought blocking, thought insertions, thought withdrawal, or thought broadcasting. AR 409. She exhibited no evidence of auditory or visual hallucinations, delusions, or illusions, and reported no obsession, compulsion, or paranoia. She denied any current suicidal or homicidal ideations, plan, or intent. Plaintiff was alert and oriented to person, place, time, and situation. She could do simple math and analyze the meaning of simple proverbs. She had average common sense understandings and responded appropriately to imaginary situations requiring social judgment and knowledge of the norms. AR 409-10. Dr. Cortez diagnosed Plaintiff with agoraphobia and unspecified mood disorder. AR 410.

    Dr. Cortez indicated that Plaintiff had good abstract skills, fund of knowledge, and insight. AR 410. Plaintiff reported difficulty with daily functioning due to severe agoraphobia and had not left home in three years. She reported poor sleep, forgetfulness, and needing to set times for everything. Dr. Cortez noted that Plaintiff exhibited no difficulty interacting with clinic staff or with her. Plaintiff also had no difficulty maintaining composure and even temperament. Dr. Cortez opined that Plaintiff had mild difficulties in maintaining social functioning, mild difficulties focusing and maintaining attention, and mild difficulties in concentration, persistence, and pace. Her level of personal independence was poor, but she was intellectually and psychologically capable of performing activities of daily living. AR 410.

    Dr. Cortez further opined that based on the objective findings, Plaintiff would have mild limitations performing simple and repetitive tasks and mild limitations performing detailed and complex tasks. She also would have mild difficulties in the ability to perform work activities on a consistent basis without special or additional supervision. She would have moderate limitations in completing a normal workday or workweek due to her mental condition. She also would have moderate difficulties in accepting instructions from supervisors and interacting with coworkers and with the public and would have moderate difficulties to be able to handle the usual stresses, changes, and demands of gainful employment. Dr. Cortez indicated that Plaintiff was

1 adhering and responding poorly to treatment and should get treatment specifically for

2 agoraphobia. AR 410.

3 The ALJ found Dr. Cortez's opinion "mostly persuasive," in conjunction with the prior

4 administrative medical findings of the state agency consultants. AR 25. The ALJ explained:

> The undersigned has considered the opinion of consultative examiner and psychologist Dr. Cortez and the prior administrative medical finding of State Agency physicians Joshua Schwartz, M.D., and Ben Kessler, Psy.D., and finds that they are mostly persuasive. Dr. Cortez opined that the claimant had mild limitations performing simple and repetitive tasks and detailed and complex tasks; and performing work activities on a consistent basis without special/additional supervision. She would have moderate limitations completing a normal workday/week; accepting instructions from supervisors; interacting with coworkers and the public; and handling the usual stresses, changes, and demands of gainful employment (Exhibit 5F/5). Drs. Schwarz and Kessler similarly assessed that the claimant had moderate limitations interaction appropriately with the general public; accepting instructions and responding appropriately to criticism from supervisors; getting along with coworkers and peers without distracting them; maintaining socially appropriate behavior and adhering to basic standards of neatness and cleanliness; and responding appropriately to changes in the work setting (Exhibits 1A/9-12, 3A/10-13). The doctors supported the medical finding with the claimant's description of activities of daily living and the objective findings from the consultative examination (Exhibits 1A/11-12 3A/12-13, 5F). The opinion/medical finding are also consistent with other unremarkable mental status examinations in the record and assessments that the claimant was stable on her current medication (see Exhibit 6F). The undersigned finds, however, that somewhat more restrictive limitations in the areas of understanding/remembering/applying information and concentrating/persisting/maintaining pace are consistent with the claimant's statements at the hearing that she has difficulty focusing (Hearing Testimony).

18 AR 25.

19 Plaintiff indicates that the ALJ found Dr. Cortez's opinion mostly persuasive and included

20 in the RFC limitations in interacting with coworkers and the public and in handling changes in the

21 workplace. However, the ALJ did not address or provide a rationale for discounting the other

22 aspects of Dr. Cortez's opinion, including the moderate limitations in completing a normal

23 workday or workweek, handling stress, changes, or accepting instructions from supervisors.

24 (Doc. 11 at 16; Doc. 16 at 9.) Plaintiff argues that because the ALJ found Dr. Cortez's opinion

25 persuasive, these moderate limitations should either have been included in the RFC or the ALJ

26 should have given a rationale as to why they were not. (*See* Doc. 16 at 10.)

27 The Commissioner counters that the ALJ appropriately found Dr. Cortez's opinion mostly

28 persuasive and, in doing so, the ALJ reviewed the longitudinal record, recognized Plaintiff's

7

1    abnormal clinical signs, and cited specific findings supported by substantial evidence related to
2    both supportability and consistency. (Doc. 15 at 18-19, citing AR 25-26.) The Commissioner
3    contends that under the applicable regulations, nothing more was required. (Doc. 15 at 19.)

4    With respect to Plaintiff's contention that the ALJ was required to provide a rationale for
5    rejecting specific aspects of Dr. Cortez's opinion, the Commissioner asserts that the current
6    regulations make clear that ALJs are no longer required to accept, reject, or give any specific
7    evidentiary weight to any medical opinion, and an ALJ's supportability and consistency analyses
8    alone, provide a sufficient explanation as to why an opinion was "not adopted." (*Id.* at 25.)
9    Additionally, the Commissioner contends that the ALJ was not obligated to address each work-
10   related restriction identified in the record so long as the RFC is otherwise supported by substantial
11   evidence. (*Id.* at 26.) The Commissioner also asserts that the Ninth Circuit has held that an RFC
12   restriction, such as to simple, routine tasks," can account for multiple mental functional
13   limitations. (*Id.*)

14   The Commissioner is correct that under the current regulations the ALJ is not required to
15   defer or give any specific evidentiary weight, including controlling weight, to any medical
16   opinion or prior administrative medical finding, including those from a claimant's medical
17   sources. *See* 20 C.F.R. § 404.1520c(a). However, because the ALJ found Dr. Cortez's opinion
18   persuasive—except for the opined limitations in the areas of understanding, remembering, and
19   applying information and concentrating, persisting, and maintaining pace—the ALJ was required
20   to account for Dr. Cortez's other opined moderate limitations in the residual functional capacity
21   or provide an explanation as to why he did not accept them. *See*, *e.g.*, *Chamberlin v. Comm'r of*
22   *Soc. Sec.*, No. 2:24-cv-01382-CSK, 2025 WL 1531348, at *6 (E.D. Cal. May 29, 2025)
23   ("Because the ALJ found Dr. Toailoa's opinion persuasive, the ALJ was required to account for
24   the moderate limitations in the residual functional capacity or provide an explanation why she did
25   not accept them."); *Macquarrie v. Comm'r of Soc. Sec.*, No. 1:21-cv-00072-CBD, 2023 WL
26   8242069, at *5 (E.D. Cal. Nov. 28, 2023) ("Because the ALJ found Dr. Stafford's opinion
27   persuasive, the ALJ was required to account for Dr. Stafford's moderate limitations in the RFC or
28   offer an explanation as to why she chose not to accept them. The Court finds the ALJ erred in

8

failing to set forth in the RFC Dr. Stafford's restriction on Plaintiff's ability to interact with co-workers, supervisors, and the public, complete a normal workday without interruptions, and deal with the usual stress encountered in the workplace."); *see also Carol L. P. v. Comm'r of Soc. Sec.*, No. 3:20-CV-05879-JRC, 2021 WL 12177080, at *4 (W.D. Wash. Sept. 1, 2021) (finding that where ALJ found doctor's opinion mostly persuasive, but did not include all the limitations contained therein in the RFC, and did not explain why such limitations were not included, the ALJ erred).  Here, the residual functional capacity limits Plaintiff to understanding, remembering, and carrying out simple instructions, occasional interaction with supervisors, coworkers, and the public, and occasional changes in a routine work setting.  AR 21.  While this RFC may adequately account for Plaintiff's moderate limitations in the ability to handle stress, *see*, *e.g.*, *Pullen v. Kijakazi*, No. 1:21-cv-00404-ADA-HBK, 2023 WL 373380, at *5 (E.D. Cal. Jan. 24, 2023) ("Courts may find an RFC determination adequately accounted for a claimant's stress-related limitations by limiting the claimant to occasional interaction with co-workers and the public, or ... no contact with the public and limited contact with co-workers, and to the performance of simple, routine, tasks."), it fails to account for Plaintiff's moderate limitations in completing a normal workday or workweek without interruptions from a psychiatric condition, and the ALJ did not provide any explanation as to why he chose not to accept them.  *See, e.g., Mathews v. Comm'r of Soc. Sec.*, No. 1:23-cv-01345-HBK, 2025 WL 225094, at *7 (E.D. Cal. Jan. 17, 2025) (finding RFC limiting plaintiff to nonpublic simple work consisting of simple routine repetitive tasks, only occasional interaction with supervisors and coworkers, and non-production line work with only occasional workplace changes, did not account for moderate limitations in plaintiff's ability to complete a normal workday/work week and the likelihood of emotional deterioration); *Phounsavath v. Comm'r of Soc. Sec.*, No. 1:23-cv-01436-HBK,  2025 WL 719297, at *7 (E.D. Cal. Mar. 6, 2025) (finding RFC limiting plaintiff to simple, routine tasks with only occasional public contact, occasional tasks that require teamwork, no quota-driven work, and working mainly with objects and not people, did not account for findings of moderate limitations in plaintiff's ability to complete a normal workday/work week and deal with stress and changes encountered in the workplace); *Lamar v. Comm'r of Soc. Sec.,* No. 1:24-CV-

9

1   00504-EPG, 2025 WL 318294, at *4 (E.D. Cal. Jan. 28, 2025) (concluding limitation to simple,
2   routine work and other limitations imposed in the RFC – in the areas of concentration,
3   persistence, or pace, and the ability to deal with routine changes and respond to supervision,
4   coworkers, and work situations – did not fully account for whether plaintiff had the ability to
5   regularly attend work and complete a full day without interruptions from his mental
6   impairments); *accord Jacque M. v. Saul*, No. CV 19-2269-PLA, 2019 WL 6893965, at *8 (C.D.
7   Cal. Dec. 18, 2019) (determining RFC limited to simple and repetitive tasks, no contact with the
8   public, and limited contact with supervisors and co-workers addressed "moderate limitations in
9   completing a normal workday or work week due to mental conditions, and handling the usual
10  stresses, changes, and demands of gainful employment").

11       Further, contrary to the Commissioner's suggestion, recent cases in this district take the
12  approach that a restriction to a simple or routine task does not account for all moderate
13  limitations. *See Chamberlin*, 2025 WL 1531348, at *6 (explaining that "recent cases in this
14  district take the approach that a restriction to a simple or routine task does not account for all
15  moderate limitations"); *Mathews*, 2025 WL 225094, at *6 (collecting cases); *see also Peerzay v.
16  Comm'r of Soc. Sec.*, No. 2:23-CV-00728-SCR, 2025 WL 915574, at *5-7 (E.D. Cal. Mar. 26,
17  2024) (rejecting argument that limitation to simple work adequately accounted for moderate
18  limitations on attendance or completion of a workday/workweek); *Macquarrie*, 2023 WL
19  8242069, at *6; *Slover v. Kijakazi*, No. 1:21-cv-01089-ADA-BAM 2023 WL 5488416, at *4
20  (E.D. Cal. Aug. 24, 2023) (explaining that the weight of more recent case law that tends to refute
21  the argument that a limitation to simple, routine tasks in the RFC adequately accounts for
22  moderate limitations in the ability to complete a normal workday and the ability to handle stress);
23  *Harrell v. Kijakazi*, No. 1:20-cv-00614-GSA, 2021 WL 4429416, at *6 (E.D. Cal. Sept. 27, 2021)
24  (collecting cases). Following this approach, the Court concludes that given the ALJ found Dr.
25  Cortez's opinion persuasive, the ALJ's decision to limit Plaintiff to work consisting of simple
26  instructions did not adequately address or account for Dr. Cortez's moderate limitations with
27  respect to completing a normal workday or workweek (or handling the usual stresses and
28  demands of gainful employment).

The Court cannot conclude that the error is harmless as it is not clear whether inclusion of the moderate limitations opined by Dr. Cortez, who diagnosed Plaintiff with agoraphobia, would have eliminated available jobs. Moderate limitations are not per se disabling, but they may translate into more concrete work restrictions. *See Macquarrie*, 2023 WL 8242069, at *7. For example, the VE testified that if an individual would be absent from work two days a month, there would not be any work available in the national economy that Plaintiff could perform. AR 65.

### B.     Remedy

Given the identified error, the Court must decide the appropriate remedy. The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Unless "the record has been fully developed and further administrative proceedings would serve no useful purpose," remand for further proceedings is warranted. *Garrison*, 759 F.3d at 1020. Here, the record is not fully developed, and because it is not clear that "further administrative proceedings would serve no useful purpose," remand for further proceedings is appropriate. *Id.*; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments, including the evaluation of other opinions and Plaintiff's subjective testimony. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F.Supp.2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand."); *Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990) ("Because we remand for reconsideration of step three, we do not reach the other arguments raised.").

11

**III.     Conclusion and Order**

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence in the record as a whole and is not based on proper legal standards. Accordingly,

1. Plaintiff's motion for summary judgment and appeal from the administrative decision of the Commissioner of Social Security (Doc. 11) is GRANTED.
2. The Commissioner's request to affirm (Doc. 15) is DENIED.
3. The agency's determination to deny benefits is REVERSED, and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(b) for further proceedings.
4. The Clerk of the Court is directed to enter judgment in favor of Plaintiff Melissa Toftee and against Defendant Commissioner of Social Security, and to close this case.

IT IS SO ORDERED.

Dated:   **September 19, 2025**                    /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE